
FILED
NOV - 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff(s), | ) | No. CR07-0645 MMC (BZ) |
| v. | ) | **DETENTION ORDER** |
| RONALD WILLIAMS, *et al.*, | ) | |
| Defendants. | ) | |

On November 1, 2007, I heard the government's motion to detain Ronald Williams. Defendant was present and represented by Deputy Public Defender Ron Tyler. Assistant United States Attorney Barbara Silano appeared for the United States.

Pretrial Services submitted a report that recommended detention. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Defendant is charged in an Indictment with violations of Title 21, United States Code, Section 846, 841(b)(1)(A)(I); and Title 18, United States Code, Section 2 - Knowingly and Intentionally Conspire to Possess with Intent to Distribute and to Distribute Heroin and Title 21, United States Code,

1

1  Section 841(a)1, (b)(1)(C) - Knowingly and Intentionally
2  Possess with Intent to Distribute Heroin.  Because of the
3  charges, he is presumed to be a risk of flight and a danger to
4  the community.  See 18 U.S.C. §§ 3142(e) & (f)(1)(C).

5      Having considered the parties' proffers and the Pretrial
6  Services Report, I find that while defendant overcame the
7  presumption that he is a flight risk, he did not overcome the
8  presumption that he is a danger to the community, and that no
9  conditions of release will reasonably assuage this danger.  In
10 so finding, I have considered the following factors:

11     1.  Given the seriousness of the charges, defendant faces
12 a substantial sentence if convicted.  If his prior convictions
13 are charged, he could face mandatory life imprisonment.  This
14 provides some incentive to flee.

15     2.  Defendant's ties to the community are mixed.  He has
16 been unemployed for the past two years and there are some
17 questions regarding his residential history.  However, he does
18 have family in the Bay Area who support him and his mother is
19 willing to sign a bond and post her house as collateral.  If
20 risk of flight was the only factor in this case, I would
21 likely be willing to release defendant on the proposed bond.

22     3.  Unfortunately, his family appears to have been unable
23 to influence the defendant's behavior in a positive manner.
24 He has a long criminal record that includes seven felony and
25 several misdemeanor convictions.  A number of the convictions
26 are drug related and several involve force or violence.  This
27 is a combination that the Congress specifically had in mind
28 when it passed the Bail Reform Act of 1984.

4. Though defendant argues that many of his prior convictions are old and should not be given much weight, I do not find this reasoning persuasive, as much of his last 10 years was spent in state prison.

5. The defendant appears unamenable to supervision by the Court, as evidenced by his numerous parole and probation violations.

6. While the facts of the offense are the least important to this determination, I cannot ignore the fact that the government's evidence seems very strong and shows defendant engaging in repeated illegal activity even when he knew law enforcement was after him or even after he had been arrested for the same illegal activity.

7. Defendant did not proffer any conditions of release, nor have any occurred to the court, that would reasonably assure the defendant will not present a risk of danger to other persons and the community.

8. I find that the United States by clear and convincing evidence has established that the defendant is a danger to the community, and that no conditions of release will reasonably assure the safety of the community.

Therefore, **IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 1, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2007\williams.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA et al,

           Plaintiff,

v.

Ronald Williams, et al.,

           Defendant.
           _____/

Case Number: CR07-00645 MMC (BZ)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barbara Silano
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

Ronald Tyler
Federal Public Defender's Office
450 Golden Gate Avenue
San Francisco, CA 94102

Pretrial Services
Judge Chesney

Dated: November 2, 2007

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk