LAW OFFICES OF GEOFFREY ROTWEIN
Geoffrey Rotwein, Esq.  (CA SBN 58176)
400 Montgomery Street, Second Floor
San Francisco, CA  94104
Facsimile: (415) 397-0862
Telephone: (4l5) 397-0860

Attorney for Defendant
RONALD LEE HINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 07-0645 MMC |
| Plaintiff, | ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | ) | DATE: September 17, 2008 |
| RONALD LEE HINES, | ) | TIME:  2:30 p.m. |
| | ) | CTRM: 7, 19th Floor; |
| Defendants. | ) | Hon. Maxine M. Chesney |

## INTRODUCTION

Defendant Ronald Lee Hines, hereby submits this Sentencing Memorandum to assist the Court in determining that the sentence to which the parties have agreed of 105 months according to the Guidelines calculations set forth in the Plea Agreement, is reasonable and appropriate in this case.

First, Defendant recognizes that this Memorandum is late considering Local Crim. Rule 32-5(b), and apologizes to the Court and the government.  Since the final and amended Presentence Investigation Report (PSR) did not issue until September 10, 2008, Defendant had difficulty preparing and submitting this Memorandum in compliance with the Local Rule.

Second, Defendant and his counsel have received and reviewed the PSR prepared by United States Probation Officer Christina Carruba.  The only part of the Report to which Defendant objects is her recommendation that he be sentenced as a Career Offender under U.S.S.G. § 4B1.1.  In all other respects, Defendant does not object to the contents of the

**SENTENCING MEMORANDUM**
**No. CR 07-0645 MMC**          -1-

1  Report.

## PROCEDURAL HISTORY

On October 11, 2007, Defendant along with twenty-two codefendants were charged in a twenty-three count Indictment. Defendant was charged in Counts One, Six and Twenty, with conspiracy to possess with the intent to distribute heroin under 21 U.S.C. §§ 841, 846 and 18 U.S.C. §2 (County One), possession with the intent to distribute heroin under 21 U.S.C. § 841 and 18 U.S.C. §2 (Counts Six and Twenty).

Pursuant to negotiations with the government a Plea Agreement was reached whereby defendant pled guilty to Count Six, the offense occurring on February 23, 2007. The parties agreed to a prison term of 105 months pursuant to a Guidelines calculation resulting in an adjusted offense level of 25. Plea Agreement, p. 5. The parties did not agree that Defendant qualified as a career offender in their calculations.

## SUPREME COURT'S DECISION IN *BOOKER*

The Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), holding that the Sentencing Guidelines are advisory only and that the sentencing court must focus primarily on the factors listed in 18 U.S.C. § 3553(a)(2).

Defendant asks this Court find that the Guidelines calculations and a prison term of 105 is reasonable and appropriate under the circumstances.

The court in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), recognized that the sentencing court should impose a sentence sufficient, but not greater than necessary, to comply with the purposes underlying 18 U.S.C. § 3553(a)(2), stating:

> Accordingly, in addition to the advisory guideline range, a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care. 18 U.S.C. § 3553(a)(1)-(2). In addition, the court must consider the relevant Sentencing Commission policy statements and the need to avoid unwarranted sentencing disparities and to provide restitution to victims. 18 U.S.C. § 3553(a)(5)-(7).

*Id*. at p. 1093.

1    Thus, post-*Booker* the Guidelines represent merely one such factor for the court to
2  consider and are entitled to no greater weight than any of the other enumerated factors under
3  18 U.S.C. § 3553(a)(2).  Here, consideration of all the listed factors supports the imposition
4  of 105 months, or eight years, nine months, clearly a very substantial prison sentence.

5    First, the nature of the offense favors the agreed upon sentence.  Granted that the one
6  offense to which Defendant has pled guilty, along with the other *relevant* conduct, are
7  extremely serious.  However, Defendant has been convicted of a non-violent crime, weapons
8  were not involved, only one narcotic substance, heroin, was involved.  A term of 105 months
9  seems more than sufficient to promote respect for the law, adequately punish Defendant and
10 protect the public.

11   Second, such a sentence would provide Defendant with needed training to continue the
12 skills he already has, along with treatment for his drug dependence.  The lengthy incarceration
13 would insure that he continue learning the necessary skills to avoid engaging in narcotics
14 activities when he is eventually released.

**CAREER OFFENDER STATUS**
**(PSR ¶ 66, p. 21)**

17   As to Defendant's prior offenses that occurred within fifteen years, since older
18 convictions do not qualify for career offender status,  not only does the Probation Officer fail
19 to identify the "two counts" she believes qualify, but in addition, given the total absence of
20 information as to the circumstances surrounding the commission of these unidentified
21 offenses, the number of persons involved, the amount of narcotics, etc., career offender and
22 a Criminal History Category VI "significantly over-represents the seriousness of ...
23 defendant's criminal history."  *United States* v. *Lawrence*, 916 F.2d 553, 554 (9th Cir. 1990).

24   Indeed, Ms. Carruba appropriately recognizes this in PSR ¶ 118 — "The defendant's
25 criminal history may be over-stated, as his last conviction was in 1997."

26   Second, Assistant United States Attorney Barbara B. Silano does *not* agree that the
27 career offender guidelines should apply to Defendant, given the lack of information as to the
28 offenses and other factors.

# CONCLUSION

For the above reasons, and based on the Plea Agreement, the PSR, and all evidence and argument presented to the Court at the time of sentencing, Defendant requests that the Court follow the negotiated disposition to which the parties have agreed after lengthy discussions and negotiations, and reject impose career offender status.

DATED: September 13, 2008       Respectfully submitted,

/s/ Geoffrey Rotwein
GEOFFREY ROTWEIN
Attorney for Defendant
RONALD LEE HINES